EMILIANO RUIZ, Appellant, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 1227. Submitted January 21, 1948.—Decided February 12, 1948.

*Buenaventura Esteves* for appellant. The registrar appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Emiliano Rodríguez filed in the District Court of Aguadilla

a proceeding *ad perpetuam rei memoriam* to perpetuate the fact that he has always been known by the surname Ruiz. On April 21, 1947 the court entered an order in civil case No. 18,897, and in view of the documentary and oral evidence and the intervention of the district attorney, it directed "that the officer in charge of the Vital Statistics Registry, Department of Health, be ordered, at the request of the interested party, to enter on the margin of petitioner's record of birth the fact that he has been using the surname Ruiz instead of Rodríguez, under which he is registered, in order to perpetuate the memory of this fact as a condition of the person of petitioner." As a consequence of this order the Registrar of Vital Statistics of Lares entered on the margin of petitioner's record of birth the fact of the latter's use of the surname Ruiz.

Subsequently, and in order to avoid future controversies and difficulties in connection with several properties which are recorded in the registry under the name of Emiliano Rodríguez, appellant executed on September 11, 1947 before Notary Buenaventura Esteves, explanatory deed No. 98, wherein he made a detailed relation of the circumstances connected with the use of the surname Ruiz and of the order approving the proceeding *ad perpetuam memoriam* and asked the Registrar of Property of Aguadilla "to enter, for all legal purposes, *on the margin* of the entries of the aforesaid properties, the fact that Emiliano Rodríguez, who appears as owner of said properties, is the same person generally known as Emiliano Ruiz, of legal age, property owner, married to Mercedes Vázquez and resident of Lares, P. R."

The registrar returned said document with the following note:

"This document is returned, in view of another, without making any entry in the registry, because it is not one of the recordable documents enumerated in § 2 of the Mortgage Law."

In order to review this note, Emiliano Ruiz has taken this administrative appeal. He alleges that it is erroneous and does not lie fundamentally because:

"1. Section 2 of the Mortgage Law is not applicable to this case inasmuch as appellant herein is not seeking the *registration* of any title, act or contract, etc. mentioned in said section, but merely *a marginal notice* in the entries already made in the registry, by virtue of a judicial order, in order to avoid any future mistakes that might be caused by the use of the surname 'Ruiz' instead of 'Rodríguez' which is the name appearing in the Registry."

We agree with appellant. In the instant case he did not seek the registration of any title, act or contract contained in § 2 of the Mortgage Law. Appellant merely asked that on the margin of the entries of those properties which appear recorded under the name of Emiliano Rodríguez, a notice be entered showing the fact of the use of the surname Ruiz by Emiliano Rodríguez, which fact had already been perpetuated in the Vital Statistics Registry by an order of the court. We see no reason why the registrar should be unable to do this in a marginal note. By their nature, marginal notices may be considered as "accessory or reference entries in connection with the principal entry in the record on whose margin they appear." *Lecciones de Derecho Hipotecario,* by Luis Muñoz Morales, Vol. I, page 300. Muñoz Morales also cites Professor Dr. M. Dorta Duque to the effect that "the notices which are entered on the margin of the entries in the books of the registry tend to relate an entry with another one, or show the fulfilment of an obligation, *or call the attention in respect of some peculiarity in the main entry,* determining its effectiveness or cancellation, in order to safely ascertain the true condition and status of each entry." (Italics ours.) —*Curso de Legislación Hipotecaria,* vol. 2, page 227.

Precisely what appellant seeks in the present case is for the marginal notices to call the attention to the peculiarity existing in the main entries of the property recorded in his

favor to the effect that the Emiliano Rodríguez mentioned in said entries is the same person known as Emiliano Ruiz, pursuant to an order of the court. The interpretation sought to be given by the registrar to *Ex Parte Pérez,* 65 P.R.R. 883, which he invokes in his brief, is not correct. It is true that there we said: " . . . there is no statute in Puerto Rico authorizing the change of names or surnames," but it is nonetheless true that we held that within the narrow limits of a proceeding *ad perpetuam* there is only room for an order to perpetuate the testimony and we ordered that the birth record be made to state that Romana Pérez had always been known as Romana Torres. The same thing was done in the present case.

The District Court of Aguadilla in the proceeding *ad perpetuam memoriam,* filed by "Emiliano Rodríguez known as Emiliano Ruiz" did not order, as respondent contends, that appellant's name be changed in the Vital Statistics. Neither does appellant seek, nor could he successfully attempt it, that the entries existing in the registry be changed for that purpose.

Confining ourselves to the facts in the present case, we believe that having perpetuated the fact that the appellant who has several properties recorded in the Registry of Property of Aguadilla under the name of Emiliano Rodríguez is the same person known as Emiliano Ruiz, of legal age, property owner, married to Mercedes Vázquez and resident of Lares, of the same personal circumstances as Emiliano Rodríguez, under whose name the properties are recorded in the registry, there is nothing in the law nor is any person prejudiced because notices be entered on the margin of the entries of property recorded in the registry under appellant's name stating that said fact is perpetuated by an order of the court.

The decision is reversed and the registrar is ordered to enter the notices sought.